UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DETRIA LEGG,

                    Plaintiff,

        v.

MARY LOU CONKLIN,

                    Defendant.
_____

ORDER

04-CV-6549T

        Plaintiff Detria Legg initiated the above-captioned action in New York State Court on September 22, 2004, alleging that she was unlawfully terminated from her employment. The matter was thereafter removed to this Court by defendant pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). (Docket # 1). By Order dated December 14, 2006, the matter was referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 3). Currently before the Court are several motions by plaintiff seeking various forms of relief.

        Plaintiff's first motion requests production of all "disclosure items" and requests that the Court "grant all items transferred to Plaintiff or the equivalent." (Docket # 27). In response to the motion, counsel for the defendant represents that he has complied with all of the discovery requirements of Federal Rule of Civil Procedure 26 and that plaintiff has not served any additional discovery demands. Having no reason to doubt counsel's representation, plaintiff's motion to compel is denied as moot. If plaintiff believes she is entitled to additional discovery, she must identify the specific documents she is seeking.

In her second motion, plaintiff requests the "Return of roadway property[,] Corning N.Y. 14830." (Docket # 37). Plaintiff has not, however, offered any further explanation and, without more, this Court cannot evaluate the relevance of the requested relief to plaintiff's pending litigation. Accordingly, plaintiff's motion to compel is denied.

Plaintiff's next motion requests that if a finding of harassment is made in her favor, that she then be granted a dismissal of an abeyance order and a request for the return of stolen property. (Docket # 48). Plaintiff's motion, however, contains no further clarification, nor does she offer any legal authority in support of the relief requested. Accordingly, plaintiff's motion is denied.

Plaintiff's fourth motion includes only a request that defendants replace two thoroughbred horses and a deceased elephant from Switzerland. (Docket # 50). Because this Court does not have the authority to grant plaintiff the relief she seeks, her motion is denied.

In her final motion, plaintiff asserts that there has been "increased threatening around the Plaintiff," and she seeks an order to "grant no college education, no employment, no disability, no private property, no vacation, no marriage, children or sexual intercourse, minimum wage only to anyone caught threatening or endangering the Plaintiff's life." (Docket # 53). As above, this Court does not have the authority to grant the requested relief. Plaintiff's motion is therefore denied.

## CONCLUSION

For the foregoing reasons, plaintiff's motions to compel **(Docket ## 27, 37, 48, 50, 53)** are **DENIED**.

**IT IS SO ORDERED.**

                                            *s/Marian W. Payson*
                                              MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated: Rochester, New York
       June  11 , 2008