UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DETRIA LEGG,

                              Plaintiff,

          v.

MARY LOU CONKLIN,

                              Defendant.
_____

<u>DECISION & ORDER</u>

04-CV-6549T

        Plaintiff Detria Legg initiated the above-captioned action in New York State Court on September 22, 2004, alleging that she was unlawfully terminated from her employment. The matter was thereafter removed to this Court by defendant pursuant to 28 U.S.C. §§ 1441(a) and 1442(a)(1). (Docket # 1). By Order dated December 14, 2006, the matter was referred to the undersigned for the supervision of pre-trial discovery and the hearing and disposition of all non-dispositive motions, pursuant to 28 U.S.C. §§ 636(b)(A) and (B). (Docket # 3).

        On November 6, 2007, counsel for the defendant conducted a deposition of plaintiff. During the deposition, counsel requested that plaintiff sign various release forms permitting defendant to obtain her current employment records. Plaintiff apparently refused to provide such authorization. By letter dated November 27, 2007, defendant moved this Court to compel the execution of the release forms. (Docket # 22). Plaintiff responded to the motion by disclosing certain documents, which were purportedly obtained from her current personnel file and include a recent performance appraisal. (Docket # 24).

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*. The relevance standard, therefore, is commonly recognized as one that is necessarily broad in its scope in order "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). *See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to lead to the discovery of admissible evidence").

The scope of discovery is not, however, without limits. Indeed, Rule 26 requires that the Court restrict discovery that would otherwise be allowed if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Although this rule is most commonly applied to prevent the production of voluminous records of questionable relevance, it is also appropriately invoked when the potential harm caused by disclosure will outweigh the likely benefit. "This power, moreover, may be employed where the burden is not measured in the time or expense required to respond to requested discovery, but lies instead in the adverse consequences of the disclosure of sensitive, albeit unprivileged material."

*Johnson v. Nyack Hosp.*, 169 F.R.D. 550, 562 (S.D.N.Y. 1996) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

In the instant matter, defendant seeks plaintiff's execution of release forms in order to obtain plaintiff's current employment records. According to defendant, plaintiff, by challenging her termination, has raised questions of fact relating to her qualifications. These questions of fact, defendant contends, present issues concerning plaintiff's credibility, thus entitling defendant to review plaintiff's current personnel file. On this record, I find that defendant's general allegations about the possible relevance of the requested records are too speculative to justify the intrusion into her current employment relationship. Defendant has failed to identify any specific issues relating to plaintiff's credibility that warrant disclosure of the requested records. Rather, the only explanation provided is that "defendant is interested in reviewing [plaintiff's] application for employment with her current employer to determine what the plaintiff represented relative to her education and the reasons for her departure from the Department of Veterans Affairs." In the absence of more particularized allegations, the request appears to be no more than a fishing expedition. Accordingly, defendant's motion to compel plaintiff's authorization of the release forms is denied.

## **CONCLUSION**

For the foregoing reasons, defendant's motion to compel **(Docket # 22)** is

**DENIED**.

**IT IS SO ORDERED.**

                                                        *s/Marian W. Payson*
                                                      MARIAN W. PAYSON
                                         United States Magistrate Judge

Dated:  Rochester, New York
          July  2 , 2008