-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DETRIA LEGG,

        Plaintiff,

    -v-                              04-CV-6549T
                                    **ORDER**

MARY LOU CONKLIN,

        Defendants.

_____

      Plaintiff Detria Legg, ("Legg") proceeding <u>pro se</u>, a former employee of a Veteran's Administration Hospital in Bath New York, brings this action against a former co-worker, defendant Mary Lou Conklin, ("Conklin") claiming that Conklin failed to abide by a verbal agreement that the two had allegedly entered into, in which each agreed to cover work shifts for the other on certain occasions.  Legg claims that as a result of Conklin's failure to cover shifts as agreed, her employment was unlawfully terminated.

     The defendant now moves for summary judgment on grounds that plaintiff has failed to state a cause of action upon which relief can be granted.  Specifically, the defendant alleges that the plaintiff was a probationary employee whose performance was so deficient that it jeopardized patient care.  Defendant contends that as a result of plaintiff's poor performance, her probationary employment was terminated.  For the reasons set forth below, I grant defendant's motion for summary judgment.

Plaintiff's claims against Conklin must be dismissed for failure to state a claim.  Plaintiff was employed as a civil service employee, and as such, any claim of a breach of contract by a co-employee is governed by the Civil Service Reform Act, ("CSRA") 5 U.S.C. § 2301 et seq..  Pursuant to the CSRA any complaint by Legg that Conklin engaged in a prohibited personnel practice is required to be brought administratively to the employing agency. See Martin v. U.S. E.P.A., 271 F.Supp.2d 38, 43 (D.DC., 2002).  As there is no evidence that plaintiff brought any administrative claims against Conklin, her claims against the defendant must be dismissed.

Moreover, because plaintiff was a probationary employee, she is not entitled to judicial review of the decision to terminate her employment.  A probationary employee "can be dismissed at the virtually unreviewable discretion of his employing agency for unsatisfactory performance or conduct during the probationary period." Beeson v. Hudson, 630 F.2d 622, 626 (8th Cir. 1980).  In cases where the employment of a probationary employee has been terminated, any claims regarding the termination of the employment must be brought before the Merit Systems Protection Board. 5 C.F.R. § 315.806.  Because plaintiff is not entitled to review in this court of her claims against Conklin, I grant the defendant's motion to dismiss.

Finally, because plaintiff seeks $250,000 in damages, this court lacks jurisdiction over her claims, as any claims made against a federal agency, or an employee acting within the scope of her federal employment that exceed $10,000 must be brought before the Federal Court of Claims.  28 U.S.C. §§ 1346(a)(2), 1491.

Accordingly, for the reasons set forth above, I grant defendant's motion for summary judgment, and dismiss plaintiff's Complaint with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   March 11, 2009
         Rochester, New York